JAMES F. ANDREWS & another *vs.* MARY MATTHEWS.

Middlesex. Jan. 8. — Feb. 8, 1878. AMES & LORD, JJ., absent.

In an action against a married woman for goods alleged to have been sold her on her separate credit, the defendant put in evidence that the plaintiff had previously brought and discontinued an action against herself and her husband jointly, for the same cause of action. *Held,* that the plaintiff might show, in rebuttal, that that action was brought against the husband by an error of the plaintiff's attorney.

In an action against a married woman for goods sold and delivered, the defendant's bill of exceptions stated that her husband testified, on cross-examination, against her objection and exception, that, at the time he received from the plaintiff a certain pass-book "he could not say how much he owed or was behind from being out of work; that he had not, as he remembered, been refused work; and that, during the time of the plaintiff's bill, he was not out of work for two thirds of the time, but was afterwards, perhaps." *Held,* that no ground of exception appeared.

In an action against a married woman, for goods sold and delivered on her separate credit, the defendant's bill of exceptions stated that the plaintiff put in evidence, in rebuttal, to show the defendant's dealings with another person, who had fur-nished milk on her credit, which she had paid for, but did not state what her evi-dence was which this rebutted. *Held,* that no ground of exception appeared.

CONTRACT, against a married woman, for goods sold and de-livered from November, 1872, to April, 1873. At the trial in the Superior Court, before *Brigham,* C. J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions, the material parts of which appear in the opinion.

*A. V. Lynde,* for the defendant.

*B. F. Briggs,* for the plaintiffs.

MORTON, J. 1. The principal issue in this case was whether the plaintiffs sold the goods sued for to the defendant upon her sole credit. Upon this issue, the defendant put in evidence that the plaintiffs, prior to this suit, had brought an action for these goods against the defendant and her husband jointly, which had been discontinued. This evidence tended to show that the plain-tiffs did not sell the goods upon the sole credit of the defendant, as they claimed, and it was competent for them to explain this transaction, and to show that the prior suit was brought against the husband through an error of their attorney.

2. The bill of exceptions does not show that the cross-exam-ination of the husband of the defendant, as to the amount that he owed, and as to his being out of work, was incompetent. It merely states that he testified, against the defendant's objection and exception, that, at the time he received from the plaintiff a certain pass-book, "he could not say how much he owed or was behind from being out of work; that he had not, as he remem-bered, been refused work; and that, during the time of the plain-tiffs' bill, he was not out of work for two thirds of the time, but was afterwards, perhaps." As nothing appears to show the con-trary, we must presume that this latitude of cross-examination was allowable in the discretion of the presiding judge.

3. The only remaining exception, insisted upon by the defend-ant, is to the admission of the testimony of one Annis that he had sold milk to the defendant upon her credit, and which she paid for. This was admitted in rebuttal of the defendant's tes-timony; but the bill of exceptions does not state what her testi

mony was which this rebutted. Her testimony may have been such as to make this competent in rebuttal. It is the duty of the excepting party to show that testimony objected to is incompetent and is prejudicial to him. The bill of exceptions does not show this, and therefore the exception cannot be sustained.

*Exceptions overruled.*